UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOLY CROSS, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 03-370** |
| **UNITED STATES ARMY CORPS OF ENGINEERS** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion for an Award of Attorney Fees, Expert Witness Fees, and Costs (Rec. Doc. 119). The Court heard oral argument and took this motion under submission. For the following reasons, the Plaintiffs' motion is now GRANTED IN PART such that the Plaintiffs will be awarded $91,426.26 in fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

### I. BACKGROUND

This litigation was initiated in 2003 by the Holy Cross Neighborhood Association, the Gulf Restoration Network, and the Louisiana Environmental Action Network (collectively, "Plaintiffs") as a result of the United States Army Corps of Engineers' ("Corps") decision to modernize the lock in the Inner Harbor Navigational Canal, known locally as the Industrial Canal. The Plaintiffs sought a declaratory judgment and injunctive relief to enjoin the Corps from dredging, stirring up, releasing, and disposing of the allegedly hazardous waste-contaminated sediments of the canal.

The Plaintiffs' Second Amended Complaint asserted three causes of action. First, under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-6992k, the Plaintiffs alleged that the Corps had contributed to the handling, storing, treatment,

transportation, or disposal of solid and hazardous waste which may present an imminent and substantial endangerment to health or the environment.  Second, under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4347, the Plaintiffs claimed that the Environmental Impact Statement ("EIS") prepared by the Corps for the lock project was inadequate and that the Corps had not complied with the requirements of NEPA pursuant to the Administrate Procedure Act ("APA"), 5 U.S.C. §§ 702, 706.  Third, the Plaintiffs claimed that the Corps failed to file a supplemental EIS when potential adverse impacts of the project were brought to its attention.

On November 3, 2003, this Court held that the Plaintiffs had standing to bring their claims.  *See Holy Cross Neighborhood Ass'n v. U.S. Army Corps of Engineers*, No. 03-370, 2003 WL 22533671, at *3-4 (E.D. La. Nov. 3, 2003).  At that time, the Court also denied the Corps' motion to dismiss the Plaintiffs' RCRA claim for lack of subject matter jurisdiction and for failure to state a claim.  *See id.* at *4-8.

On August 10, 2004, the Plaintiffs filed a motion for summary judgment on their RCRA and NEPA claims.  However, on August 20, 2004, the Court granted the Corps' motion to stay proceedings and therefore declined to consider the Plaintiffs' motion for summary judgment at that time.  The Corps sought the stay so that it could conduct further testing and analysis of the canal sediment in an attempt to resolve this litigation.  The Court ordered as a condition of the stay that the Corps agree not to commence dredging and/or disposal of canal sediment during the pendency of the stay.  The parties subsequently entered into a consent agreement to this effect.

Following several extensions of the stay, including an extension due to Hurricane Katrina, the Corps informed the Court on February 22, 2006 of its intention to proceed with the

project. The Plaintiffs also informed the Court on this date that the Holy Cross neighborhood was likely to be repopulated. Therefore, the Court partially lifted the stay so that the parties could file motions for summary judgment.

On October 4, 2006, the Court granted the Plaintiffs' motion for summary judgment on their second claim for relief under NEPA. The Court held that "the Corps failed to take a 'hard look' at the environmental impacts and consequences of dredging and disposing of the canal's contaminated sediment." *Holy Cross v. U.S. Army Corps of Engineers*, 455 F. Supp. 2d 532, 540 (E.D. La. 2006). Accordingly, the Corps was enjoined from continuing with the project until it complies with NEPA. *Id.* at 541. The Plaintiffs subsequently agreed to voluntarily dismiss their first claim for relief under RCRA and their third claim for relief seeking a supplemental EIS and, therefore, the Court dismissed these two claims without prejudice. An appropriate judgment was entered on April 17, 2007, reserving the issue of attorneys fees for a later date to allow the parties an opportunity to amicably resolve this final outstanding matter.

## II.  PRESENT MOTION

Unable to reach an agreement with the Corps, the Plaintiffs now move for an award of attorneys fees, expert witness fees, and costs in the amount of $110,176.89. The Plaintiffs contend that they are entitled to such an award because they are "prevailing parties" under both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(e).[1] The Corps does not dispute that the Plaintiffs prevailed on their second claim for relief under NEPA and, thus, that they are entitled

---

[1] In their reply brief, the Plaintiffs note that if their fee request is calculated solely under the EAJA, the requested fee would be $91,426.26.

to an award of fees and costs pursuant to the EAJA for work related to this claim. However, the Corps argues that the Plaintiffs did not prevail on their remaining two claims for relief and that the fee award in this case should be no more than $38,555.04.

### III.    LAW & ANALYSIS

"[E]ach party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In this case, the express statutory authorizations invoked by the Plaintiffs in support of their fee request are found in the EAJA and RCRA. The EAJA provides that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). RCRA provides that the court

> may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate.

42 U.S.C. § 6972(e). The Plaintiffs "bear[] the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley*, 461 U.S. at 437.

Both the EAJA and RCRA require that the Plaintiffs be "prevailing parties" as a prerequisite to an award of attorneys fees and costs under either statute.[2] Here, it is undisputed that the Plaintiffs prevailed on their second claim for relief under NEPA and that the Corps was

---

[2] The EAJA contains additional prerequisites, but the parties agree that all such prerequisites are satisfied in this case.

enjoined from continuing with the lock project until it complies with NEPA.  Thus, the Corps does not dispute that the Plaintiffs are entitled to an award of fees and costs under the EAJA for work related to their second claim for relief.

In opposing the remainder of the Plaintiffs' request for fees and costs, the Corps argues that this is a case where the Plaintiffs "present[ed] in one lawsuit distinctly different claims for relief that are based on different facts and legal theories."  *Hensley*, 461 U.S. at 434.  The Supreme Court has addressed the award of fees and costs in these circumstances:

> In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim.  Accordingly, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved.  The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Id.* at 434-35.  Thus, the Corps argues that Plaintiffs' counsel's work on the first and third claims for relief was unrelated to work done on the second claim for relief and that no fee may be awarded for such services because the Plaintiffs did not prevail on their first and third claims for relief.

The Court finds, however, that this is not a case where the Plaintiffs presented distinctly different claims for relief.  Rather, the Plaintiffs' three claims for relief "involve[d] a common core of facts" and were "based on related legal theories."  *Id.* at 435.  As the Supreme Court explained in *Hensley*:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.  Such a lawsuit cannot be viewed as a series of discrete claims.  Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Id.* at 435.  Indeed, one of the cases cited by the Supreme Court in *Hensley* as an example of a case where the plaintiff "obtained essentially complete relief" is instructive:

> It also is not legally relevant that plaintiffs' counsel expended a certain limited amount of time pursuing certain issues of fact and law that ultimately did not become litigated issues in the case or upon which plaintiffs ultimately did not prevail.  Since plaintiffs prevailed on the merits and achieved excellent results for the represented class, plaintiffs' counsel are entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter.

*Id.* at 431 (quoting *Davis v. County of Los Angeles*, 8 Empl. Prac. Dec. (CCH) ¶ 9444, 1974 U.S. Dist. LEXIS 8204, at *6 (C.D. Cal. June 5, 1974)).

In the instant case, the Plaintiffs achieved the primary result sought, namely the cessation of the lock project pending further environmental study.  Indeed, it is not that the Plaintiffs were unsuccessful on their first and third claims for relief, but merely that such claims were essentially mooted by the Plaintiffs' success on their second claim for relief under NEPA.  "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  *Hensley*, 461 U.S. at 435.  Thus, the Court finds that the Plaintiffs are entitled to an award of fees for the hours reasonably expended on this litigation as a whole.

In light of this finding, the Court feels it most appropriate to award fees and costs solely under the EAJA, which caps the hourly rate for attorneys at $125 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  Although the Corps challenges various time entries submitted by the Plaintiffs, the Court finds that the Plaintiffs' exercise of billing judgment more than accounts for the challenged entries.  Indeed, upon a thorough review of the Plaintiffs' submissions, the Court feels that the Plaintiffs' requested fee is reasonable.  Therefore, the Plaintiffs will be awarded

$91,426.26 in fees and costs under the EAJA.

## IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion for an Award of Attorney Fees, Expert Witness Fees and Costs (Rec. Doc. 119) is GRANTED IN PART such that the Plaintiffs are hereby awarded $91,426.26 in fees and costs under the EAJA. An appropriate amended judgment will follow.

New Orleans, Louisiana, this 30th day of May, 2008

_____
UNITED STATES DISTRICT JUDGE